Frank **SAVILLE** et al., **Plaintiffs,**

v.

Merrill **BOUCHER** and Curley's Tavern, **Defendants.**

No. 75–C–208.

United States District Court, E. D. Wisconsin.

Dec. 15, 1976.

---

Judge & Schirott by James R. Schirott, Park Ridge, Ill., for plaintiffs.

Kluwin, Dunphy, Hankin & McNulty by John A. Kluwin, Milwaukee, Wis., for Curley's.

Herbon & McLaughlin by Mark T. Baganz, Milwaukee, Wis., for defendants.

## DECISION and ORDER

MYRON L. GORDON, District Judge.

One of the defendants, a landowner, has moved to dismiss. In their amended complaint, the plaintiffs seek damages arising out of an automobile collision. Although the amended complaint names "Curley's Tavern" as a defendant, it does not identify the legal character of Curley's Tavern. Counsel for the movant have indicated that they are appearing on behalf of Viola Bolduan, whom they assert is the owner of the property adjacent to the intersection at which the collision occurred. Her counsel have stated that she operates a business known as Curley's Tavern.

The motion to dismiss as to the landowner is based upon her contention that the amended complaint fails to state a claim upon which relief can be granted, and I find that contention correct.

The amend complaint alleges in the third count that the other named defendant, Merrill Boucher, drove his automobile out of the private driveway maintained by Curley's Tavern and collided with the plaintiff's vehicle. In attempting to attribute actionable negligence to the defendant Viola Bolduan, the amended complaint asserts that there was negligence in the following respects:

"a. Said driveway was maintained so that a person entering Highway 26 from the private driveway could not see traffic on Highway 26 for a sufficient distance to allow the person entering State Highway 26 from the private driveway to ascertain if he could do so safely.

"b. The surface of the private driveway was that of gravel which did not permit sufficient traction for an automobile entering State Highway 26 from the private driveway and thereby causing the Defendant MERRILL BOUCHER to skid into the path of plaintiff's vehicle.

"c. Owned and maintained the driveway in such a manner that obstructions in the form of trees and/or posts were located at the intersection of the driveway with State Highway 26 thereby obscuring the vision of a driver entering State Highway 26 from the private driveway."

In their brief in opposition to the defendant's motion, the plaintiffs acknowledge " . . . there have been no reported cases in which a highway traveler recovered from an adjacent landowner for negligently maintaining his driveway which led to the highway. . . ." In my opinion, an adjacent landowner does not owe a duty to a driver on the public highway to see to it that another automobile operator will carefully exit from his private driveway. Even if the private driveway were in fact poorly maintained, and even if there were obstructions to vision, such defects would constitute conditions rather than causal negligence; such conditions would not proximately cause an accident on the highway. If there were traps or other extraordinary devices involved, a different rule could prevail, but no such unusual circumstances are asserted here.

I am persuaded that the defendant landowner is entitled to a dismissal as a matter of law since the complaint fails to state a claim upon which relief could be granted against the landowner. No con-

218

duct alleged in this amended complaint, even if proved, could qualify as negligent conduct constituting a substantial factor in creating the injuries described in this action. *Osborne v. Montgomery,* 203 Wis. 223, 234 N.W. 372 (1931).

The cases relied upon by the plaintiffs involve situations where there are deviations by the driver from the highway or an entry upon the premises of the landowner. There are other situations where an instrumentality of the landowner protrudes or escapes onto the highway. Viola Bolduan, at worst, maintained a private driveway in a manner which obligated a driver to use care as he exited therefrom.

The defendant Bolduan urges, alternatively, that the claim of Donna Fahrney be dismissed because she does not qualify under the survivorship statutes of Wisconsin. In view of my conclusion that the plaintiffs' action against Viola Bolduan must be dismissed, it is unnecessary for me to consider the challenge to Donna Fahrney's claim.

Therefore, IT IS ORDERED that the motion of the defendant Viola Bolduan for dismissal be and hereby is granted.

. IT IS ALSO ORDERED that the plaintiffs' action as to Viola Bolduan be and hereby is dismissed.